UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT KING,

            Petitioner,            Case No. 1:06-cv-911

v.                                            Honorable Gordon J. Quist

KENNETH McKEE,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner is incarcerated in the Bellamy Creek Correctional Facility. He was convicted in the St. Joseph County Circuit Court of first-degree criminal sexual conduct and was sentenced to imprisonment of seventeen-and-a-half to thirty-five years. The Michigan Court of Appeals affirmed his conviction on December 12, 2002, and the Michigan Supreme Court denied his application for leave to appeal on May 30, 2003.

On June 3, 2004, Petitioner filed a motion for relief from judgment in the St. Joseph County Circuit Court. The circuit court denied his motion on June 28, 2004. Petitioner did not appeal the denial of his motion. Petitioner filed a second motion for relief from judgement on June 10, 2005. The court denied the motion on October 11, 2005. Petitioner appealed the denial of his second motion for relief from judgment. The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal on March 10, 2006, for failure to pursue the case in conformity with the court rules. The court of appeals further noted that Petitioner was attempting to appeal the denial of a successive motion for relief from judgment that was prohibited by MICH. CT. R. 6.502(G)(1). The Michigan Supreme Court denied his application for leave to appeal on October 31, 2006.

Petitioner now raises the following four grounds for habeas corpus relief:

I.    THE WRIT MUST BE GRANTED WHERE THERE WAS CONSTITUTIONALLY INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION IN THIS CASE, THUS DENYING PETITIONER DUE PROCESS UNDER THE FEDERAL CONSTITUTION TO A JURY DETERMINATION OF GUILT BEYOND A REASONABLE DOUBT BASED ON SUFFICIENT EVIDENCE.

II.   PETITIONER'S TRIAL COUNSEL MADE A SERIOUS ERROR AMOUNTING TO A SIXTH AMENDMENT VIOLATION WHERE COUNSEL FAILED TO REQUEST A CONTINUANCE AND/OR ACCEPT THE TRIAL COURT'S OFFER OF THE SAME IN ORDER FOR COUNSEL TO RESTRUCTURE HIS DEFENSE AFTER THE MID-TRIAL

      AMENDMENT OF THE INFORMATION UNFAIRLY SURPRISED COUNSEL AND SUBSTANTIALLY ALTERED THE THEORY OF DEFENSE.

III.    PETITIONER MUST BE RESENTENCED WHERE HIS SENTENCE WAS INCREASED BASED ON FACTS NEITHER PROVEN TO A JURY BEYOND A REASONABLE DOUBT NOR ADMITTED BY PETITIONER, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

IV.    APPELLATE COUNSEL VIOLATED MR. KING'S FOURTEENTH AND SIXTH AMENDMENT RIGHTS WHERE COUNSEL FAILED TO RAISE A "SIGNIFICANT" AND "OBVIOUS" ISSUE IN HIS APPEAL OF RIGHT, THUS RESULTING IN THE OMISSION OF A "DEAD BANG WINNER."

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction as of right to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 30, 2003. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 28, 2003. Petitioner had one year, until August 28, 2004, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations was tolled when petitioner filed his first motion for relief from judgment on June 3, 2004. At that time, Petitioner had eighty-seven days remaining in the limitations period. The trial court denied his motion on June 28, 2004. A

motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). While Petitioner did not appeal the denial of his motion for relief from judgment, the petition was still "pending" for purposes of § 2244(d)(2) during the one-year period in which Petitioner could have filed an application for leave to appeal in the Michigan Court of Appeals. *See Martin v. Wilson*, No. 03-4161, 2004 WL 1801342, at *1 (6th Cir. Aug. 11, 2004); *see also* MICH. COMP. LAWS § 7.205(F). Therefore, the statute of limitations resumed on June 29, 2005, the day after the time for filing an application for leave to appeal to the Michigan Court of Appeals ended. Petitioner had eight-seven days remaining, until September 26, 2005, in which to file his habeas corpus petition.

Petitioner's second motion for relief from judgment, filed on June 10, 2005, did not toll the statute of limitations because it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). An application is ""*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). The AEDPA tolling provision is a rule of filing rather than a rule of decision. *Id.* at 9. Therefore, if a state application is not properly filed, even if it was erroneously accepted by a court clerk, it does not toll the limitations period at § 2244(d)(2). *Id.* ("If . . . an application is erroneously accepted by the clerk of a [state] court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*.") The U.S. Supreme Court recently addressed a question left open in *Artuz*, that is, whether the existence of exceptions to the state-law timely filing requirement can prevent a late application in state court from being considered improperly filed under § 2244(d)(2). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court found that "a petition filed after a time limit, and which does not fit

within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace*, 544 U.S. at 413. The *Pace* Court noted its holding fit squarely with the purpose of the AEDPA's limitations period: "[If] a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions [,] [t]his would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Id.* at 413. Thus, "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal quotations omitted).

Here, Petitioner failed to comply with the state court rule governing the filing of motions for relief from judgment. Under Michigan law, a defendant may file only one motion for relief from judgment with regard to a conviction. *See* MICH. COMP. LAWS § 6.502(G)(1). Second or successive motions are prohibited absent a retroactive change in law. *See* MICH. CT. R. 6.502(G)(2). In dismissing Petitioner's appeal, the Michigan Court of Appeals specifically noted that Petitioner was attempting to appeal the denial of a successive motion for relief from judgment that was prohibited by MICH. COMP. LAWS § 6.502(G)(1). Despite the facts that the St. Joseph County Circuit Court clerk erroneously accepted the 2005 motion for filing and the court rendered a decision on that motion, it was not "properly filed." *See Pace* 544 U.S. at 413; *Artuz*, 531 U.S. at 8; MICH. CT. R. 6.502(G). As a result, Petitioner's 2005 motion was not properly filed for purposes of tolling the habeas statute. Without the benefit of tolling during the time his 2005 motion was pending in state courts, the statute of limitations expired on September 26, 2005. The instant petition was filed on or about December 20, 2006, more than a year after the statute of limitations

expired.[2] The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v*, 544 U.S. at 418).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on December 20, 2006, and it was received by the Court on December 28, 2006. Thus, it must have been handed to prison officials for mailing at some time between December 20 and 28. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  April 16, 2007           /s/ Hugh W. Brenneman, Jr.
                                 Hugh W. Brenneman, Jr.
                                 United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).