UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SCOTT KING,

       Petitioner,                                                Case No. 1:06-CV-911

v.                                                                     Hon. Robert J. Jonker

KENNETH T. MCKEE,

       Respondent.

_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on April 16, 2007. Petitioner filed his Objection to the Report and Recommendation (docket # 5) on May 3, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, oF any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify

> the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Petitioner's objection is based primarily on his claim that his second motion for relief from judgment, which he filed on June 10, 2005, in Michigan state court, tolled the one-year statue of limitations applicable to habeas petitions. He argues that *Blakely v. Washington*, 542 U.S. 296 (2004), constituted a retroactive change in the law that occurred after the filing of his first motion for relief, and he concludes that because of that retroactive change in the law he was entitled to file a successive motion for relief from judgment under Michigan Court Rule 6.502(G)(2). The Court finds that this argument is without merit. First, *Blakely* is not implicated in this case because Petitioner's sentence did not exceed the statutory maximum. Second, Michigan courts have indicated that Michigan's sentencing system is unaffected by *Blakely*. *People v. Hernandez*, No. 250008, 2005 WL 1750773, at *2 (Mich. Ct. App. July 26, 2005) (citing *People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004); *People v. Drohan*, 689 N.W.2d 750, 757 n.4 (Mich. Ct. App. 2004)). Thus, as explained in

the Report and Recommendation, Petitioner's second motion was a successive motion that, under the Michigan Court Rules, was not properly filed and did not toll the habeas statute of limitations.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed April 16, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's 28 U.S.C. § 2254 petition for habeas relief is DENIED and a certificate of appealability is also DENIED.


Dated:   November 15, 2007              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE